No. 25-2361

# In the United States Court of Appeals for the Seventh Circuit

KENNETH KARWACKI,

                  *Plaintiff-Appellant,*

v.

JOSH KAUL,

                  *Defendant-Appellee.*

**On Appeal from the United States District Court for the Eastern District of Wisconsin**

**No. 2:24-cv-01639-BHL**

**Hon. Brett H. Ludwig**

**REPLY BRIEF OF APPELLANT**

**KENNETH KARWACKI**

William F. Sulton
The Sulton Law Firm LLC
2745 N. Dr. Martin Luther King Jr. Drive
Suite 202
Milwaukee, WI 53212
414-477-0088
william@sultonlaw.com

*Attorneys for Appellant Kenneth Karwacki*

TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF AUTHORITIES | iii |
| INTRODUCTION | 1 |
| ARGUMENT | 1 |
|     I.    This Court should reject analogies to cases involving drug addicts and users. | 1 |
|     II.    This Court should reject analogies to cases involving felony drug traffickers. | 2 |
|     III.    This Court should reject analogies to cases involving sex offenders. | 4 |
| CONCLUSION | 6 |
| CERTIFICATE OF SERVICE | 7 |
| CERTIFICATE OF COMPLIANCE | 8 |

# TABLE OF AUTHORITIES

**Cases**

*District of Columbia v. Heller*, 554 U.S. 570 (2008)……………………………………….…4

*Gamble v. United States*, 587 U.S. 678 (2019)……………………………………………..4

*McDonald v. City of Chicago*, 561 U.S. 742 (2010)……………………………………………..5

*Moran v. Wis. Dep't of Justice*, 2019 WI App 38, 388 Wis. 2d 193, 932 N.W.2d 430………...…5,6

*New York Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022)……………………………...…3,4

*Ramos v. Louisiana*, 590 U.S. 83 (2020)……………………………………………………….…..5

*Rosin v. Monken*, 599 F.3d 574 (7th Cir. 2010)……………………………………………………..4,5

*Timbs v. Indiana*, 586 U.S. 146 (2019)……………………………………………………………5

*United States v. Kimble*, 142 F.4th 308 (5th Cir. 2025)……………………………………….…2

*United States v. Rahimi*, 602 U.S. 680 (2024)……………………………………………………3,4

*United States v. Seiwert*, 152 F.4th 854 (7th Cir. 2025)………………………………………1,2

**Statutes**

18 U.S.C. § 922(g)(1)……………………………………………………………………………....2

18 U.S.C. § 922(g)(3)……………………………………………………………………………...1

Wis. Stat. § 940.225(3m)………………………………………………………………………….3

Wis. Stat. § 940.60(1)……………………………………………………………………………...3

Wis. Stat. § 941.29(1m)(b)…………………………………………………………………..passim

Wis. Stat. § 947.01(1)……………………………………………………………………………...3

## INTRODUCTION

Wisconsin argues that Wis. Stat. § 941.29(1m)(b) "is closely analogous to the federal felon-in-possession statute" but that is not true. (Resp. Br. at 10.) The statute's purpose is to disarm out-of-state misdemeanants. Section 941.29(1m)(b) would not prohibit a person convicted of misdemeanor in Wisconsin from possessing a firearm.

Wisconsin bears the burden of showing that disarming misdemeanants is consistent with our nation's history of firearms regulation. Wisconsin has not met its burden. This Court should reverse the district court accordingly.

## ARGUMENT

**I. This Court should reject analogies to cases involving drug addicts and users.**

*United States v. Seiwert* does not support affirming the district court's decision. 152 F.4th 854 (7th Cir. 2025). *Seiwert* concerned a challenge to 18 U.S.C. § 922(g)(3). *Id.*, at 860-61. Section 922(g)(3) prohibits a person "who is an unlawful user of or addicted to any controlled substance" from possessing a firearm. In *Seiwert*, this Court concluded that Section 922(g)(3) was constitutional because the statute "prohibits individuals whose cognitive abilities are presently hampered by chemical substances from possessing firearms in order to safeguard the public." *Id.*, at 866. Put another way, "historical laws that kept guns out of the hands of the intoxicated and the mentally ill are sufficiently analogous to § 922(g)(3)'s proscription of firearm possession by active and persistent drug users like Seiwert to satisfy constitutional scrutiny." *Id.*, at 870. Karwacki's misdemeanor conviction for delivering peyote is not analogous to historical laws aimed at the intoxicated or mentally ill.

Importantly, this Court rejected analogies to historical laws related to "disarming individuals who present a risk of danger." *Id.*, at 870-72. This Court explained that "Seiwert has no prior criminal history, and the government has not demonstrated that he had any intention to terrorize the public in any way." *Id.*, at 871. This Court also explained that "the government [has not] presented any particularized evidence demonstrating that Seiwert's drug use predisposed him to violence or aggression during the relevant time periods." *Id.* Similarly, Wisconsin has not shown that Karwacki had any intention of terrorizing the public. Wisconsin also has not shown that Karwacki's misdemeanor conviction predisposes him to violence or aggression in the future. Even Section 922(g)(3) does not prohibit a past drug user from possessing a firearm in the future.

## II. The Court should reject analogies to cases involving felony drug traffickers.

*United States v. Kimble* does not support affirming the district court's decision. 142 F.4th 308 (5th Cir. 2025). In *Kimble*, the Fifth Circuit considered a challenge to 18 U.S.C. § 922(g)(1)—which prohibits persons with felony convictions from possessing firearms. Kimble was convicted of two drug trafficking felonies. *Id.*, at 309. The Fifth Circuit held that disarming convicted felony drug traffickers was constitutional "because of the intrinsic violence of the drug trade." *Id.*, at 312. The Fifth Circuit explained that "[t]he relevant consideration is a defendant's 'prior convictions that are punishable by imprisonment for a term exceeding one year,' not unproven conduct charged contemporaneously with a defendant's (g)(1) indictment or prior conduct that did not result in a felony conviction." *Id.*, at 318.

Karwacki's misdemeanor conviction does not equate to felony level drug dealing or trafficking.

Karwacki's "preoccupation" with felony convictions is due to the lack of historical traditions for regulating misdemeanants. (*Cf.* Resp. Br. at 14.) In Wisconsin, judges warn persons pleading guilty to felony offenses that they may not possess firearms prior to accepting the plea. The right to bear arms is that important. Right now, lawyers in Wisconsin are negotiating misdemeanor plea deals so that their clients keep their rights.[1] But Wisconsin treats similar plea deals from other jurisdictions as felonies for the purpose of denying firearms. This is wrong.

*United States v. Rahimi* holds that "the appropriate analysis turns on whether the challenged regulation is consistent with the principles that underpin our regulatory tradition." 602 U.S. 680, 692 (2024). Thus, "[e]ven when a law regulates arms-bearing for a permissible reason . . . it may not be compatible with the right if it does so to an extent beyond what was done at the founding." *Id.* The very narrow scope of historical carry restrictions and the reasons for such restrictions reveal a basic principle that the "general right to public carry" cannot be banned absent "exceptional circumstances." *New York Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1, 38 (2022). It is the State's burden to establish those "exceptional circumstances" as consistent with such tradition. *Id.*

A regulation of Second Amendment rights may be justified by historical analogues from the "founding generation." *Rahimi*, 602 U.S at 692. While an asserted analogue need not be a "historical twin," it must be "well-established and representative." *Bruen*, 597 U.S. at 30. "[C]ourts should not 'uphold every modern law that remotely resembles a historical analogue.'"

---

[1] *See, e.g.,* Wis. Stat. § 940.60(1) (Battery defined as "causes bodily harm to another by an act done with intent to cause bodily harm to that person or another without the consent of the person so harmed is guilty of a Class A misdemeanor."); Wis. Stat. § 940.225(3m) (Fourth degree sexual assault defined as "whoever has sexual contact with a person without the consent of that person is guilty of a Class A misdemeanor."); Wis. Stat. § 947.01(1) (Disorderly conduct including "engages in violent, abusive . . . which the conduct tends to cause or provoke a disturbance is guilty of a Class B misdemeanor."). None of these violent Wisconsin misdemeanors carry a firearms prohibition. But the State could make any into felonies.

*Id*. It must be "part of an enduring American tradition of state regulation." *Id*. at 69 (rejecting reliance on law enacted in the Territories). As *Rahimi* explains, "[a] court must ascertain whether the new law is 'relevantly similar' to laws that our tradition is understood to permit, 'apply[ing] faithfully the balance struck by the founding generation to modern circumstances.'" 602 U.S. at 692; *id.*, at 698 (a provision must be "'relevantly similar' to those founding era regimes in both why and how it burdens the Second Amendment right").

"[T]he balance struck by the founding generation" is repeated throughout *Rahimi* where the Supreme Court relied exclusively on Founding era analogues and tradition. *Id*. at 694, 698. The surety laws and the common law of affray on which the Supreme Court relied were rooted in the common law at the Founding and were codified in Founding era statutes in "at least four States--Massachusetts, New Hampshire, North Carolina, and Virginia." *Rahimi*, 602 U.S. at 697-98. Focus on the "founding generation" is appropriate because "'[c]onstitutional rights are enshrined with the scope they were understood to have when the people adopted them.'" *Bruen*, 597 U.S. at 4 (*quoting District of Columbia v. Heller*, 554 U.S. 570, 634–35 (2008)). The Founding era is at the core of the Supreme Court's constitutional jurisprudence. *See Gamble v. United States*, 587 U.S. 678, 702 (2019) (treating post-ratification treatises "as mere confirmation of what the Court thought had already been established" concerning "the public understanding in 1791 of the right codified by the Second Amendment").

Wisconsin offers no history or traditions of firearm regulations targeted at misdemeanants.

**III. The Court should reject analogies to cases involving sex offenders.**

*Rosin v. Monken* does not support affirming the district court's decision. 599 F.3d 574 (7th Cir. 2010). In *Rosin*, the plaintiff challenged Illinois' requirement that he be required to register

4

as a sex offender based on a conviction in New York. *Id.*, at 575. This Court explained that there was a "conspicuous absence in the [New York] order of any provision relieving him of an obligation to register." *Id.*, at 576. This Court further explained that the New York order "does the order purport to prevent any other state from requiring him to register." *Id.* This Court concluded that "[t]he absence of such language is dispositive, for without it there is no judgment to which Illinois is required to afford full faith and credit." *Id.* The facts in this case are significantly different.

The scope of federal constitutional rights is identical without regard to whether a challenged restriction is imposed by the federal government or by a State. *See Timbs v. Indiana*, 586 U.S. 146, 150 (2019) ("there is no daylight between the federal and state conduct" concerning the scope of incorporated constitutional rights). The Second Amendment does not differ. *McDonald v. City of Chicago*, 561 U.S. 742, 784-85 (2010) (rejecting the argument for a "special incorporation test applicable only to the Second Amendment"); *see also Ramos v. Louisiana*, 590 U.S. 83, 93 (2020) ("This Court has long explained . . . that incorporated provisions of the Bill of Rights bear the same content when asserted against States as they do when asserted against the federal government."). *Rosin* simply did not involve similar constitutional questions. *See Rosin*, 599 F.3d at 577 ("Nor is this a case in which a state's police power conflicts with the U.S. Constitution or an Act of Congress, for this would require state law to give way by virtue of the Supremacy Clause.").

*Moran v. Wis. Dep't of Justice* is also distinguishable. 2019 WI App 38, 388 Wis. 2d 193, 932 N.W.2d 430. In *Moran*, the Wisconsin Supreme Court held that it was constitutional for the State to prohibit unpardoned felons from possessing firearms. *Id.*, at ¶50. While Moran had successfully petitioned to have his rights restored in Virginia, he did not receive a pardon. *Id.* The questions in this case are different. In Wisconsin, misdemeanor convictions (with the exception

5

of domestic violence) do not prohibit persons from possessing firearms so long as those convictions occurred within Wisconsin. Misdemeanor convictions from other States, however, sometimes (Wisconsin does not define when) prohibit persons from possessing firearms. *See Moran*, at ¶44 (The Full Faith and Credit Clause "does prohibit a state from adopting a policy of hostility to the public acts of another state." (citation and quotations omitted)).

## CONCLUSION

This Court should reverse the district court's decision.

Dated this 29th day of December 2025.

                                          Respectfully submitted,

                                        */s/ William F. Sulton*
                                        William F. Sulton
                                        The Sulton Law Firm LLC
                                        2745 N. Dr. Martin Luther King Jr. Drive
                                        Suite 202
                                        Milwaukee, WI 53212
                                        414-477-0088
                                        william@sultonlaw.com

                                        *Attorneys for Appellant Kenneth Karwacki*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated this 29th day of December 2025.

/s/ *William F. Sulton*

William F. Sulton

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with Circuit Rule 32(c) because it contains 2,001 words, excluding the portions of the brief exempted by Fed. R. App. P. 32(f), according to the count of Microsoft Word.

I further certify that this brief complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)-(6) and Circuit Rule 32(b) because it is printed in a proportionally spaced Times New Roman 12-point font for main text, and 11-point font for footnotes.

Dated this 29th day of December 2025.

*/s/ William F. Sulton*

William F. Sulton